UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

ATLAS HEALTH CARE LINEN SERVICES     Case No. 18-31753
CO., LLC, d/b/a Clarus Linen Systems,[1]    Chapter 11 Case

Debtor.

**APPLICATION BY THE DEBTOR FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF ITS CHAPTER 11 CASE**

The Debtor, Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems ("Atlas"), by and through its undersigned counsel, hereby makes this application to the Court (this "Application") for entry of an order, providing for the joint administration of Atlas's chapter 11 case with the chapter 11 cases of its affiliates Centerstone Linen Services, LLC, d/b/a Clarus Linen Systems ("Centerstone") (Case No. 18-31754); Alliance Laundry & Textile Service, LLC, d/b/a Clarus Linen Systems ("Alliance") (Case No. 18-31755); Alliance Laundry and Textile Service of Atlanta, LLC, d/b/a Clarus Linen Systems ("Atlanta") (Case No. 18-31756); and Alliance LTS Winchester, LLC, d/b/a Clarus Linen Systems ("Winchester")(Case No. 18-31757), (collectively with Atlas, the "Debtors"), for procedural purposes only. In further support of this Application, Atlas respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Debtor's federal tax identification number are: (2681).

4. The statutory and rule-based predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

## BACKGROUND

5. On December 19, 2018 (the "Petition Date"), the Debtors filed separate, voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors remain in possession of their respective assets and continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Application, no official committees have been appointed or designated. Concurrently herewith, the each Debtor has filed a separate Application seeking joint administration of its Chapter 11 Case with the other Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

6. The Debtors are leading providers of high-quality linen rental and commercial laundry services to the healthcare industry, primarily supplying scrubs, sheets, towels, blankets, patient apparel and other linen products to hospitals and healthcare clinics via long-term contacts. The companies employ strict quality assurance measures and have been recognized for outstanding performance in the areas of infection control, hygienically clean linens and employee safety. Centerstone is the corporate parent of four subsidiary corporations (debtors Atlas, Alliance, Atlanta and Winchester) and provides back-office and administrative support to them. Atlas and Alliance currently operate five production facilities in three states (Atlas

operates two facilities in New York and Alliance operates two facilities in Georgia and one in South Carolina) that provide daily pick-ups and deliveries to their customers.  Atlanta and Winchester are not currently operating production facilities.

7. A more detailed factual background relating to the commencement of these Chapter 11 Cases is set forth in the *Affidavit of John J. Giardino in Support of Chapter 11 Petitions and First Day Applications* sworn to on the 19th day of December, 2018 (the "Giardino Affidavit") filed in these Chapter 11 Cases and incorporated herein by reference[2].

## RELIEF REQUESTED

8. Atlas hereby seeks entry of an order directing the joint administration of these Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Atlas anticipates that numerous notices, applications, Applications, and other pleadings, hearings and orders in these cases will affect all of the Debtors.

10. Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to:  (a) use a single caption on all documents that will be served and filed in the Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Giardino Affidavit.

various matters before the Court in these cases. Joint administration of these Chapter 11 Cases will ease the administrative burden for the Court and all parties in interest.

11.   The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought in this Application is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or interest.

12.   In furtherance of the foregoing, Atlas requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows (including footnote text at bottom of page):

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

| CENTERSTONE LINEN SERVICES, LLC d/b/a Clarus Linen Systems, *et al.*,[1] | Case No. 18-31754 Chapter 11 Cases Main Case |
|---|---|
| Debtors. | Jointly Administered |

13.   Atlas submits that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

14.   Atlas also requests that a docket entry, substantially similar to the following, be entered on the docket of each case to reflect the joint administration of these Chapter 11 Cases:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892).

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of Centerstone Linen Services, LLC, d/b/a Clarus Linen Systems (Case No. 18-31754), Atlas Health Care Linen Services Co., LLC, d/b/a Clarus Linen Systems (Case No. 18-31753), Alliance Laundry & Textile Service, LLC, d/b/a Clarus Linen Systems (Case No. 18-31755), Alliance Laundry and Textile Service of Atlanta, LLC, d/b/a Clarus Linen Systems (Case No. 18-31756), and Alliance LTS Winchester, LLC, d/b/a Clarus Linen Systems (Case No. 18-31757). The case of Centerstone Linen Services, LLC, d/b/a Clarus Linen Systems (Case No. 18-31754) has been designated the 'main' case; accordingly, the docket in Case No. 18-31754 should be consulted for all matters affecting the chapter 11 case of this debtor."

15. Finally, the Debtors seek authority to file, on a consolidated basis, the monthly operating reports required by the United State Trustee if the Debtors determine, after consultation with the United States Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that consolidated reports would accurately reflect the Debtors' business operations and financial affairs.

**BASIS FOR RELIEF**

16. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

17. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

## **NOTICE**

18. Notice of this Application will be given to (i) the Office of the United States Trustee for the Northern District of New York, and (ii) counsel for HSBC Bank USA, National Association. In light of the nature of the relief requested herein, Atlas submits that no further notice is required.

WHEREFORE, Atlas respectfully requests that the Court enter an order, directing the joint administration of the Debtors' Chapter 11 Cases and granting such other and further relief as the Court deems appropriate.

Dated: December 19, 2018
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:     /s/ Stephen A. Donato
    Stephen A. Donato, Esq. (Bar Roll #101522)
    Camille W. Hill, Esq. (Bar Roll #501876)
    One Lincoln Center
    Syracuse, New York 13202
    Telephone: (315) 218-8000
    Facsimile: (315) 218-8100
    Emails: sdonato@bsk.com
           chill@bsk.com

*Proposed Counsel to the Debtor and Debtor In Possession*